# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. ORLY TAITZ, ESQ, PRO SE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL ASTRUE, COMMISSIONER ) <br> OF THE SOCIAL SECURITY ) <br> ADMINISTRATION, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 11-CV-00402-RCL <br> The Honorable Royce C. Lamberth |

## ANSWER

Defendant Michael Astrue, Commissioner of the Social Security Administration, by and through its undersigned counsel, hereby answers Plaintiff Dr. Orly Taitz's First Amended Complaint as follows:

### First Affirmative Defense

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The FOIA request that is the subject of this lawsuit may implicate certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information is not required.

The unnumbered paragraphs labeled "Jurisdiction," "Plaintiff," and "Respondent" are preambles to the numbered paragraphs and require no response.

In response to the numbered paragraphs and sentences of the First Amended Complaint, Defendant admits, denies, or otherwise responds as follows: [1]

1. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

2. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

3. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

3-19. The allegations contained in these paragraphs do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.[2]

20. Admit that the Social Security Administration provides social-security number verification services to law enforcement officers and may provide a SS-5 to law enforcement officers if the Privacy Act's and the Social Security Administration regulations' law enforcement exceptions apply. Admit that, where applicable, the Social Security Administration redacts information to protect individuals' privacy. To the extent this paragraph alleges other practices on the part of the Social Security Administration, deny. To the extent this paragraph consists of Plaintiff's characterization of Exhibits 7 and 8 to the First Amended Complaint, no response is required.

---

[1] This answer follows the paragraph numbering of the First Amended Complaint. The numbers are sometimes out of order or repetitive.

[2] In these paragraphs and throughout her Complaint, First Amended Complaint, and attached exhibits, Plaintiff includes unredacted social-security numbers in violation of Federal Rule of Civil Procedure 5.2(a)(1). Accordingly, Defendant has separately moved to strike the Complaint, First Amended Complaint, and attached exhibits and to require Plaintiff to file redacted versions of those documents.

21. Deny that the allegations show that President Obama does not possess a birth certificate or a social-security number. Admit that on January 6, 2010, Ms. Taitz filed a FOIA request for information relating to President Obama's social-security number. Admit that her FOIA request was denied on March 3, 2010.

22. Admit.

23. Admit that Ms. Taitz filed suit in the United States District Court for the District of Columbia, and that the case, 1:10-cv-00151, was assigned to Chief Judg Royce Lamberth.

24. Admit that the Court dismissed Ms. Taitz's lawsuit. The rest of the allegations in this paragraph consist of characterizations of the Court's opinion dismissing the lawsuit, to which no response is required.

25. Admit that Ms. Taitz filed another FOIA request with the Social Security Administration on October 4, 2010. The second sentence of this paragraph is a conclusion of law, to which no response is required. Defendant lacks knowledge or information sufficient to admit or deny that Ms. Taitz sent six letters regarding this FOIA request. Admit that the Social Security Administration had not responded to Ms. Taitz's FOIA request at the time that she filed her Original Complaint. Admit that the Social Security Administration responded to Ms. Taitz's FOIA request on March 2, 2011. The Social Security Administration's response, granting in part and denying in part Ms. Taitz's request, is attached to the First Amended Complaint at Exhibit 5. Admit that Ms. Taitz filed her First Amended Complaint before properly serving her Original Complaint and before Defendant had an opportunity to answer her Original Complaint. The remaining allegations of this paragraph are denied.

26-29. The allegations contained in these paragraphs do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

The remainder of Plaintiff's First Amended Complaint consists of Plaintiff's prayer for relief, to which no response is required. Any allegations that remain unanswered are hereby denied.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendant prays for a judgment dismissing the First Amended Complaint with prejudice and for such further relief as the Court may deem just.

Dated: May 23, 2011

Respectfully submitted,

TONY WEST
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director,
Federal Programs Branch

  /s/ Patrick G. Nemeroff
PATRICK G. NEMEROFF (CA Bar 268928)
Trial Attorney, U.S. Dep't of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 305-8727
Fax: (202) 305-8517
Email: patrick.g.nemeroff@usdoj.gov

*Attorneys for Defendant*