**RECEIVED**

**JUN - 6 2011**

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Motion to intervene and for hearing on contempt of the Court's order of June 2

*Let this be filed.*

TAITZ
V.                                                          Civil No. 11-402 (RCL)   *Motion and all*
ASTRUE

*relief DENIED.*

*Royce C. Lamberth*

*U.S.D.J.*

*6/8/11*

Motion to intervene and for hearing on contempt of the Court's order of June 2

The SSN 44** previously filed with the Court and ordered sealed along with a "properly redacted" public filing, remains online at scribd, as posted by one "Jack Ryan". It is unclear whether the order on the docket at Case 1:11-cv-00402-RCL Document 13 Filed 06/02/11 Page 1 of 1, also includes an order to "Jack Ryan" or scribd, to delete their online publication of the President's SSN.

Movant-Prospective Intervenor seeks to intervene and move the Court for a contempt hearing in respect to the apparent ongoing violation of the order of June 2, unless that order did not apply to "Jack Ryan" or scribd. If the order does not apply to "Jack Ryan" or scribd, then the alleged judicial effect and relief granted the US therein appears to have become wholly moot. The judicial power exists not to provide mere advice, however purportedly sage or cogent. If the previously filed Court documents, now sealed, are subject to further publication in their unredacted formats, then the order is a mockery of itself.

Moreover, under UNITED STATES V. FULLARD-LEO, 331 U. S. 256, the US Supreme Court has determined that the lands of the (occupied) Kingdom of Hawaii, in relation to the US and her sovereignty, remain under occupation, and for the Palmyra Atoll, excluded from the purported "state", Hawaii, the US as occupier remains bound to respect the civil law property dispositions owing under the law of the native de jure sovereign Kingdom of Hawaii. Birth in territory occupied for the US, under constitutional common law principles, obtains natural born citizenship only for the children of US citizen fathers, unless by now, the equal protection of the laws due American mothers shall require the expansion of the common law jus sanguinis American nationality in equal manner to US citizen fathers (see Flores-Villar oral argument before

SCUS, *Flores-Villar v. United States* (09-5801).
www.supremecourt.gov/qp/09-05801qp.pdf ).

Intervenor prays the Court consolidate Taitz v Astrue with Sai v Clinton, since the status of the occupied Hawaiian lands in part informs the nationality status of the President as a natural born citizen to a white American mother, under the pernicious racist jus sanguinis principles adopted by the US courts and statutes (see 25 USC 181-185, also see 25 USC 194): Mr. Justice BLACKMUN, with whom THE CHIEF JUSTICE joins, concurring.

I join the Court's opinion, but I write briefly to add a comment about my views as to the scope of **25 U.S.C. § 194**.

Section **194** applies to a property dispute between an Indian and a "white person." The property dispute here is between Indians, on the one hand, and, on the other, nine individuals, two corporations, and the State of Iowa. See 575 F.2d 620, 622 (CA8 1978). The Court holds that "white person" includes an artificial entity and thus that § **194** applies in the dispute between the Omahas and the two corporate petitioners. Ante, at 2537-2538. Contrariwise, the Court holds that "white person" does not include a sovereign State, and thus that § **194** does not apply in the dispute between the Omahas and petitioner State of Iowa. Ante, at 2537-2538, 2543. The Court, however, does not expressly discuss § 194's applicability to the nine individual claimants.

*680 Since the Court nevertheless holds that "§ **194** applies to the private petitioners" without exception, ante, at 2543, it must be proceeding on one of two assumptions. The Court could assume, first, that all nine individual petitioners are Caucasians, and hence each literally is a "white person" under § **194**. There is no evidence in the record, however, as to the race of these individuals. See Brief for Petitioners in No. 78-160, p. 30; Brief for United States 32 n. **25**; Tr. of Oral Arg. 13. Since the burden of proving the factual predicate for § 194's applicability presumably rests on the Indians who seek to invoke it, the Court, in holding § **194** applicable to the individual petitioners here, could not properly rely on this first possible assumption.

The Court could assume, second, that "white person" in § **194** refers, not to a Caucasian, but to a "non-Indian" individual. On this assumption, the race of the individual petitioners (so long as they are not Indians) would be irrelevant in determining § 194's applicability. That this is in fact the assumption the Court makes is suggested by its decision to ignore the adjective "white" in holding each of the corporate petitioners to be a "white person," and by its refusal to follow United States v. Perryman, 100 U.S. 235, **25** L.Ed. 645 (1880),

where it was held that "white person," as used in another section of the Non-Intercourse Act, did not include a Negro. Ante, at 2537 n. 16.

The Court seems to hold implicitly, therefore, that "white person" in § 194 includes any "non-Indian" individual. I would prefer to make this holding explicit. In my view, any other construction of § 194 would raise serious constitutional questions. To construe § 194 as applicable to disputes between Indians and Caucasians, but not to disputes between Indians and black or oriental individuals, would create an irrational racial classification highly questionable under the Fifth Amendment's equal protection guarantee. To *681 avoid this result, § 194's reference to a "white person" must be read to mean any "non-Indian" individual or entity, and I so interpret the Court's holding today. To the extent that Perryman is inconsistent with this reading, I must regard that case as overruled sub silentio.

U.S.Iowa,1979.

Wilson v. Omaha Indian Tribe

442 U.S. 653, 99 S.Ct. 2529, 61 L.Ed.2d 153.

Prayer for Relief and draft Order

1. Intervention is permitted.
2. The draft Order is approved.
3. Failure to comply with the order may result in contempt.
4. Commissioner Astrue is ordered to brief the Court on the status of Palmyra Atoll, 28 USC 91, 48 USC 644a, and what nationalities birth thereon might confer, as well as what nationalities are conveyed by birth in the lands of the Kingdom of Hawaii under the Fullard-Leo decision as at least dicta regarding the larger Hawaiian islands.
5. Taitz v Astrue is consolidated with Sai v Clinton, and Sai is reopened for reconsideration in conjunction with any dispositive motions in Taitz if presented, as due under the Scheduling Order.

Draft Order

Scribd.com and "Jack Ryan" shall redact the President's SSN from online publication. So ordered.

---

R. Lamberth
Chief Judge of the United States Congress controlled District of Columbia territorial US District Court

Respectfully submitted,

Dr. Paul Maas Risenhoover, Pro Se as Relator Intervenor for the US
Tainan, allied American Formosa trust territory, Western Pacific, USA

Certificate of service by email:
patrick.g.nemeroff@usdoj.gov, orly.taitz@gmail.com,
denise_watson@dcd.uscourts.gov, sabeena_rajpal@dcd.uscourts.gov,
julia_kiraly@dcd.uscourts.gov, macrui_dostourian@dcd.uscourts.gov ,
daniel_rosenthal@dcd.uscourts.gov, warren_allen@dcd.uscourts.gov,
brynna_connolly@dcd.uscourts.gov, susan_tyner@uscourts.gov,
candice_sigler@dcd.uscourts.gov, amanda_luck@dcd.uscourts.gov,
matthew_thueson@dcd.uscourts.gov, <dcd_cmecf_ms@dcd.uscourts.gov>,
<dcd_cmecf@dcd.uscourts.gov>, "Roberts_Chambers@dcd.uscourts.gov"
<roberts_chambers@dcd.uscourts.gov>,
<bates_chambers@dcd.uscourts.gov>,
<lamberth_chambers@dcd.uscourts.gov>, "Communications, Civil (CIV)"
<Civil.Communications@usdoj.gov>, <tony.west@usdoj.gov>,
anu@hawaii.edu, <keanu.sai@gmail.com>,