UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. ORLY TAITZ, ESQ, PRO SE,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MICHAEL ASTRUE, COMMISSIONER<br>OF THE SOCIAL SECURITY<br>ADMINISTRATION,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 11-CV-00402-RCL<br>)  The Honorable Royce C. Lamberth<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Defendant is entitled to summary judgment, because the Social Security Administration ("SSA") conducted an adequate search in response to Plaintiff's Freedom of Information Act ("FOIA") request and properly withheld one Form SS-5 under FOIA's statutory exemptions. *See Reliant Energy Power Generation, Inc. v. FERC*, 520 F. Supp. 2d 194, 200 (D.D.C. 2007). In her opposition, Plaintiff does not dispute that the SSA conducted an adequate search for responsive documents and disclosed all such documents other than a single redacted Form SS-5. Plaintiff challenges only the SSA's withholding of the Form SS-5. *See* Plaintiff's Opposition to Motion for Summary Judgment ("Opp.") (Dkt. No. 31), at 5.

The SSA's withholding of the Form SS-5 under exemption 6 of FOIA, 5 U.S.C. § 552(b)(6), is consistent with the holdings of this and other courts, which recognize individuals' substantial privacy interest in their social-security numbers. Merely redacting the name from the Form SS-5, while still retaining the social-security applicant's gender, zip code, and date of

1

application, would not address the privacy interest implicated by disclosure of the document. Because the SSA properly withheld the Form SS-5 under exemption 6 of FOIA, summary judgment should be granted in Defendant's favor.

## ARGUMENT

The Form SS-5 requested by Plaintiff falls within exemption 6 of FOIA, which exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  In determining whether the withholding of a record under exemption 6 is proper, the Court must first determine whether disclosure of the record would compromise a substantial privacy interest, and then must balance any such privacy interest against the public interest served by release of the record.  *See Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 874 (D.C. Cir. 1989). In this case, the SSA's withholding was proper because disclosure of the requested Form SS-5 would compromise a substantial privacy interest and would further no public interest of the type FOIA was intended to serve.  *See* Defendant's Memorandum in Support of Its Motion for Summary Judgment ("MSJ") (Dkt. No. 21), at 7–11.

This Court has previously upheld the withholding under exemption 6 of the same Form SS-5 requested by Plaintiff in this case.  *See Taitz v. Obama*, No. 10-cv-151, slip op. at 4 (D.D.C. June 18, 2010).  That holding is consistent with other cases recognizing that exemption 6 applies to social-security numbers.  *See, e.g.*, *Sherman v. Dep't of the Army*, 244 F.3d 357, 364–65 (5th Cir. 2011); *Berger v. IRS*, 487 F. Supp. 2d 482, 504–06 (D.N.J. 2007); *Hertzberg v. Veneman*, 273 F. Supp. 2d 67, 86 n.13 (D.D.C. 2003).  It also is consistent with the SSA's FOIA regulations, which list social-security numbers as among the information it withholds under

exemption 6.  *See* 20 C.F.R. § 402.100(c).  Plaintiff provides no reason to reach a different conclusion here.

"[A]n individual's informational privacy interest in his or her [social-security number] is substantial."  *Sherman*, 244 F.3d at 365.  Plaintiff fails to explain why release of the requested Form SS-5 would not compromise a substantial privacy interest.  The privacy interest would not by addressed by redacting the name from the requested Form SS-5, while still retaining the social-security applicant's gender, zip code, and date of application.  *See* MSJ at 9–10.  "[R]elease of information based on a specific number holder's identified [social-security number] could confirm the identity of the number holder and/or give the requestor information that could lead to the possible identification or confirmation of the true number holder."  Wiggins Declaration ¶ 8.  Indeed, Plaintiff's stated intent in seeking the redacted information is to identify the social-security number holder associated with the requested Form SS-5.  *See* Opp. at 15–19.  Contrary to Plaintiff's assertion, it is irrelevant that the SSA provides social-security number verification services to law enforcement officers.  The Privacy Act and SSA regulations permit the SSA to disclose information to law enforcement officers in specific limited circumstances.  *See* 5 U.S.C. § 552a(b)(7); 20 C.F.R. § 401.155.  Plaintiff has not, and cannot, claim that those circumstances exist here.  It also is irrelevant that Plaintiff has alleged that the requested Form SS-5 is associated with a public official.  Even if Plaintiff could prove that allegation, public officials retain a substantial privacy interest in personal information such as social-security numbers.  *See Kidd v. Dep't of Justice*, 362 F. Supp. 2d 291, 296–97 (D.D.C. 2005); *Barvick v. Cisneros*, 941 F. Supp. 1015, 1020–21 (D. Kan. 1996).

Plaintiff has identified no public interest that would be served by disclosure of the requested Form SS-5.  "[U]nless a FOIA request advances 'the citizens' right to be informed

about what their government is up to,' no relevant public interest is at issue." *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 34 (D.C. Cir. 2002) (quoting *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)).  The disclosure of an individual Form SS-5 would provide no insight into government function or how the SSA performs its statutory duties.  And Plaintiff's unsupported allegations of fraud cannot satisfy the public interest standard required under FOIA.  *See Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 173 (2004).

Because disclosure of the requested Form SS-5 would implicate a substantial privacy interest and serve no public interest cognizable under FOIA, the withholding under exemption 6 must be upheld.  *See Consumers' Checkbook Ctr. for the Study of Servs. v. Dep't of Health & Human Servs.*, 554 F.3d 1046, 1056 (D.C. Cir. 2009).  Plaintiff identifies no other objections to the SSA's response to her FOIA request.

## CONCLUSION

For the foregoing reasons, this Court should grant the SSA's motion for summary judgment.

Dated: August 3, 2011                    Respectfully submitted,

                                         TONY WEST
                                         Assistant Attorney General

                                         ELIZABETH J. SHAPIRO
                                         Deputy Director, Federal Programs Branch

                                          /s/Patrick G. Nemeroff
                                         PATRICK G. NEMEROFF
                                         CA Bar No. 268928
                                         Trial Attorney
                                         United States Department of Justice
                                         Civil Division, Federal Programs Branch
                                         20 Massachusetts Avenue, N.W.
                                         Washington, D.C. 20530

Telephone: (202) 305-8727
Fax: (202) 305-8517
Email: patrick.g.nemeroff@usdoj.gov

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2011, a copy of the foregoing Reply in Support of Defendant's Motion for Summary Judgment was served upon counsel of record via the Court's CM/ECF system.

\s\ *Patrick G. Nemeroff*
PATRICK G. NEMEROFF
CA Bar No. 268928
United States Department of Justice
Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC  20530
Tel. 202-305-8727
Fax 202-616-8470
patrick.g.nemeroff@usdoj.gov