UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ORLY TAITZ,** | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) Civil Action No. 11-402 (RCL) |
| **MICHAEL ASTRUE,** <br> **COMMISSIONER OF THE SOCIAL** <br> **SECURITY ADMINISTRATION,** | ) <br> ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

## ORDER

Before the Court are several pending motions, all of which will be denied for the reasons set forth below.

Plaintiff's Motion [12] to Compel Preparation of a Vaughn Index requests an order requiring defendant to provide an itemized inventory of every agency record responsive to plaintiff's FOIA request that defendant asserts is exempt from disclosure. As discussed in the Court's Memorandum Opinion issued this date, the Social Security Administration ("SSA") withheld only one responsive document as exempt from disclosure. As there is no need for a Vaughn Index in this case, plaintiff's Motion [12] to Compel is DENIED.

Plaintiff's Motion [18] to Strike Defendant's Answer asserts that defendant filed his answer to her amended complaint twenty days late. She thus asks the Court to strike the answer and enter a default judgment in her favor. Plaintiff's Motion [20] for Default Judgment, like her Motion to Strike, also seeks a default judgment on the basis of defendant's late filing. To serve the United States, a plaintiff must serve a copy of the summons and complaint on "the United States attorney for the district where the action is brought." Fed. R. Civ. P. 4(i)(1)(A)(i). Under

the FOIA statute, a "defendant shall serve an answer or otherwise plead to any complaint . . . within thirty days of service upon the defendant of the pleading in which such complaint is made." 5 U.S.C. § 552(a)(4)(C). Plaintiff served her first amended complaint and summons on the U.S. Attorney on April 3, 2011 [8]. Thus, defendant's answer was due within thirty days of April 3, 2011. Because defendant did not file his answer until May 23, 2011, defendant is in default. The Federal Rules of Civil Procedure provide, however, that a "default judgment may be entered against the United States, its officers, or its agencies *only if the claimant establishes a claim or right to relief by evidence that satisfies the court*." Fed. R. Civ. P. 55(d) (emphasis added). For the reasons set forth in the Court's Memorandum Opinion issued this date, the Court finds that plaintiff has failed to establish a claim or right to relief, and thus is not entitled a default judgment in this case.

Furthermore, "[d]efault judgments are not favored by modern courts," particularly where such judgments are "unwarranted by the facts." *Jackson v. Beech*, 636 F.2d 831, 834 (D.C. Cir. 1980). This Circuit has explained that default judgments are normally reserved for cases in which "the adversary process has been halted because of an essentially unresponsive party." *Id.* at 836 (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)) (internal quotation marks omitted). Cognizant of "the strong policies favoring the resolution of genuine disputes on their merits," *id.* at 834, the Court notes that this is not a case where defendant has been an "essentially unresponsive party." *Id.* at 836. Rather, defendant answered plaintiff's amended complaint before plaintiff moved for an entry of default. Accordingly, the Court will neither strike defendant's answer nor enter a default judgment against defendant. Plaintiff's Motion [18] to Strike and Motion [20] for Default Judgment are therefore DENIED.

Plaintiff's Motion [19] for Clarification requests clarification of this Court's Order [13] requiring plaintiff to refile her complaint and amended complaint with properly redacted social security numbers. Plaintiff has already filed her redacted complaint [16] and amended complaint [17], and thus her Motion [19] for Clarification is DENIED as moot.

Finally, plaintiff's Motion [22] to Compel asks the Court to compel compliance with a Rule 45 subpoena issued by plaintiff to the Director of Health for the State of Hawaii. The subpoena seeks access to the original long-form birth certificate issued to the President in 1961. The requested birth certificate has nothing to do with this case, which relates to plaintiff's FOIA request for various documents in the possession of the SSA. Inspection of the birth certificate would resolve none of the issues before this Court. Accordingly, plaintiff's Motion [22] to Compel is DENIED.

**SO ORDERED.**

Signed by Royce C. Lamberth, Chief Judge, on August 30, 2011.