**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DR. ORLY TAITZ, ESQ, PRO SE, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | )   Civil Action No. 11-CV-00402-RCL |
|  | )   The Honorable Royce C. Lamberth |
| MICHAEL ASTRUE, COMMISSIONER | ) |
| OF THE SOCIAL SECURITY | ) |
| ADMINISTRATION, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

### INTRODUCTION

On August 30, 2011, this Court granted defendant's motion for summary judgment and dismissed with prejudice plaintiff's claim under the Freedom of Information Act, 5 U.S.C. § 522 ("FOIA"). *See* Dkt. 34. Plaintiff had sought information relating to individuals' social-security numbers, in particular the redacted Form SS-5 for the living individual who holds the social-security number xxx-xx-4425. The Court held that the Social Security Administration ("SSA") conducted an adequate search for documents in response to plaintiff's FOIA request and disclosed all responsive documents that are not exempt from release. *See* Dkt. 33. The Court concluded that the SSA properly withheld the single redacted Form SS-5 under exemption 6 of FOIA, because "[d]isclosure of the requested Form SS-5 would implicate a substantial privacy interest while serving no public interest cognizable under FOIA." *Id.* at 8.

Plaintiff now seeks the extraordinary remedy of reconsideration of a final judgment under Federal Rule of Civil Procedure 59(e).  *See* Dkt. 36.  Plaintiff argues that her motion for reconsideration should be granted on the basis of new evidence.  *See id.* at 2-9.  But all of the evidence plaintiff relies upon was available to her prior to the Court's order and therefore does not constitute newly available evidence for purposes of Rule 59.  *See Int'l Painters and Allied Trades Indus. Pension Fund v. Design Techs.*, 254 F.R.D. 13, 18-19 (D.D.C. 2008).  And even if the evidence could be characterized as new evidence for purposes of Rule 59, it would not warrant a different result from that reached by the Court.  None of the evidence cited by plaintiff undermines the substantial privacy interest implicated by the disclosure of the requested Form SS-5 or suggests that the disclosure would serve a legitimate public purpose.  Plaintiff also argues that the Court's order constitutes clear error and amounts to a manifest injustice.  *See* Dkt. 36 at 9-14.  But plaintiff's arguments are merely an attempt to improperly "relitigate old matters."  *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).

Because plaintiff cannot satisfy Rule 59(e)'s standard for reconsideration of the Court's ruling, the Court should deny plaintiff's motion.

## LEGAL STANDARD

Rule 59(e) allows the Court to consider a "motion to alter or amend a judgment," so long as it is "filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e). "Motions under [Rule] 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances."  *Niedermeier*, 153 F. Supp. 2d at 28. "Generally, relief under Rule 59(e) is limited to situations where 'there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest

injustice.'" *Johnson v. Penn Camera Exchange*, 583 F. Supp. 2d 81, 85 (D.D.C. 2008) (quoting *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998)).  "The case law is clear that a 'Rule 59(e) motion is not a second opportunity to present arguments upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier.'"  *Design Techs.*, 254 F.R.D. at 18 (quoting *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C.1997)).

## ARGUMENT

Plaintiff cannot establish the extraordinary circumstances necessary to justify relief under Rule 59(e).  Plaintiff presents no previously unavailable evidence that justifies revisiting the Court's conclusion.  And plaintiff fails to identify any clear error or manifest injustice in the Court's order.  Plaintiff's motion for reconsideration should therefore be denied.

### I.   Plaintiff Fails To Identify Newly Available Evidence That Warrants Relief Under Rule 59(e).

Plaintiff does not identify any newly available evidence that would justify relief under Rule 59.  "New evidence, as that term is used in Rule 59(e), means evidence which 'is newly discovered or previously unavailable despite the exercise of due diligence.'" *Design Techs.*, 254 F.R.D. at 18 (quoting *Niedermeier*, 153 F.Supp.2d at 29).  Where a party could have discovered evidence with the proper exercise of due diligence, that evidence was not previously unavailable for purposes of Rule 59(e) and cannot be presented for the first time in a motion for reconsideration.  A Rule 59 motion "cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of [a] summary judgment motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir.

1996)); *see also Holmes v. Back Doctors, Ltd.*, 695 F. Supp. 2d 843, 849-50 (S.D. Ill. 2010) (rejecting a motion to reconsider where the evidence submitted in "support of [the] Rule 59(e) motion could have, and should have, been presented to the Court before the entry of summary judgment").

At the time of defendant's motion for summary judgment, plaintiff either was or should have been aware of the information she now seeks to rely upon for the first time in her motion for reconsideration.  President Barack Obama's 2009 tax return was made available to the public long before plaintiff initiated this action, when it was posted on www.whitehouse.gov on April 15, 2010.  *See* Dkt. 36 at 3.  According to plaintiff, "[t]he moment this information was posted on the White House official web site it became public knowledge."  *Id.*  Plaintiff cannot claim that such "public knowledge" was unavailable to her prior to the Court's order or that she would not have discovered it if she had exercised due diligence.  "Plaintiff's failure to investigate a possible argument prior to the judgment does not make the results of its research 'new evidence' for purposes of Rule 59(e)."  *Ctr. for Pub. Integrity v. FCC*, 515 F. Supp. 2d 167, 169 n.1 (D.D.C. 2007).

Similarly, plaintiff cannot claim that the public information on the selective service website was previously unavailable to her.  *See id.* at 5-6.  Nor does plaintiff explain what previously unavailable evidence is offered in Linda Jordan's affidavit.  *See Moundridge v. Exxon Mobil Corp.*, 244 F.R.D. 10 (D.D.C. 2007) (rejecting Rule 59 motion premised on new affidavits that offered no previously unavailable evidence).  Finally, plaintiff does not even attempt to establish that news reports of social-security fraud were unavailable to her prior to the Court's order.  *See* Dkt. 36 at 8-9.  "A Rule 59(e) motion is not intended to be a vehicle for the

introduction of evidence that was available but not offered at the original motion or trial. . . .

Having failed to provide the evidence the first time around, Plaintiff cannot now use a Rule 59(e)

motion to take a second bite at the apple." *Design Techs.*, 254 F.R.D. at 18 (quotation omitted).

In any event, even if the evidence relied upon by plaintiff did constitute newly available

evidence, it would not warrant a different result. *See, e.g.*, *Ctr. for Pub. Integrity* , 515 F. Supp.

2d at 169-70 (rejecting Rule 59 motion where the outcome would be no different even if the

court were to consider the new evidence). None of the evidence cited by plaintiff undermines

the substantial privacy interest implicated by disclosure of the requested Form SS-5. An

individual does not consent to disclosure of his or her social security number merely by posting a

document on the internet with the individual's social-security number redacted. To the contrary,

the redaction of the social-security number strongly suggests that the individual intends to keep

the number private. Even assuming for the sake of argument that it was possible to remove the

redaction, the unauthorized removal of the redaction would not negate the individual's privacy

interest or constitute consent to disclosure by the SSA. *See* 20 C.F.R. § 401.100 (describing the

form of the consent necessary to permit disclosure of private information by the SSA). Nor does

any of the evidence relied upon by plaintiff suggest that disclosure of the Form SS-5 would serve

a legitimate public purpose. Plaintiff does not dispute the Court's conclusion that "disclosure of

an individual's Form SS-5 would provide absolutely no insight into the SSA's operations or

activities." Dkt. 33 at 7. Rather, plaintiff persists in her claim that disclosure of the Form SS-5

would reveal official misconduct. But none of the purportedly new evidence "would warrant a

belief by a reasonable person that the alleged government impropriety might have occurred."

*Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 174 (2004).

## II.   The Court's Order Did Not Contain Any Clear Error Or Amount To a Manifest Injustice.

Plaintiff identifies no clear error or manifest injustice in the Court's order, and instead merely repeats arguments she made in her opposition to defendant's motion for summary judgment.  All of plaintiff's claims of clear error and manifest injustice amount to the same unsupported allegations of government misconduct that plaintiff has previously asserted repeatedly before this Court.  *Compare* Dkt. 36 at 9-14 *with* Dkt. 31 at 5-20.  The Court addressed these arguments, concluding that "plaintiff — for all her allegations — has produced 'no evidence that would warrant a belief by a reasonably person that the alleged government impropriety might have occurred'.'" Dkt. 33 at 7 (quoting *Favish*, 541 U.S. at 174).    Plaintiff "[can]not prevail by simply 'rearg[uing] facts and theories upon which a court has already ruled.'" *Shaw v. Marriott Intern., Inc.*, 587 F. Supp. 2d 223, 224 (D.D.C. 2008) (alteration in original) (quoting *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995)).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration should be denied.

Dated: September 23, 2011                          Respectfully submitted,

                                                   TONY WEST
                                                   Assistant Attorney General

                                                   ELIZABETH J. SHAPIRO
                                                   Deputy Director, Federal Programs Branch

                                                    */s/Patrick G. Nemeroff*
                                                   PATRICK G. NEMEROFF
                                                   CA Bar No. 268928
                                                   Trial Attorney
                                                   United States Department of Justice

Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 305-8727
Fax: (202) 305-8517
Email: patrick.g.nemeroff@usdoj.gov

Attorneys for Defendant