UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ORLY TAITZ,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 11-402 (RCL) |
| **MICHAEL ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,** | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

Before the Court is plaintiff's Motion for Reconsideration [36]. Upon consideration of plaintiff's motion, defendant's opposition [37], the reply thereto [38], the entire record herein, and the applicable law, the Court will deny the motion for the reasons set forth below.

**I.   BACKGROUND**

An extensive description of the factual background underlying this litigation and related lawsuits appears in this Court's August 30, 2011 Memorandum Opinion [33]. Plaintiff filed suit under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to compel the defendant to disclose the Form SS-5 for Social Security number xxx-xx-4425 in an attempt to confirm her belief that President Barack Obama is using a fraudulent Social Security number. The SSA denied the request under FOIA Exemption 6, which guards against release of documents when such release "would constitute a clearly unwarranted invasion of privacy." 5 U.S.C. § 552(b)(6). This Court in granting summary judgment for the defendant upheld that decision. This Court determined that even public figures retain a privacy interest in personal information, *see, e.g.*, *Kidd v. Dept. of Justice*, 362 F. Supp. 2d 291, 297 (D.D.C. 2005), and that no legitimate public

interest would be served by disclosure in absence of any reasonable substantiation of plaintiff's allegations of impropriety. Plaintiff then filed the instant motion for reconsideration.

## II.     DISCUSSION

While district courts enjoy discretion over the decision whether to grant a motion for reconsideration under Federal Rule of Civil Procedure 59(e), such motions are "disfavored" and are reserved for "extraordinary circumstances." *Liberty Prop. Trust v. Republic Props. Corp.*, 570 F. Supp. 2d 95, 97 (D.D.C. 2008) (quoting *Niedermeir v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)). In seeking reconsideration, a party must show that "there has been an intervening change of controlling law, that new evidence is available, or that granting the motion is necessary to correct a clear error or to prevent manifest injustice." *Id.*

Plaintiff first argues for reconsideration based on new evidence that purportedly undermines President Obama's privacy interest in the Form SS-5 for the Social Security number at issue. The primary piece of new evidence upon which plaintiff relies is President Obama's posting of his 2009 tax return to the Web site http://www.whitehouse.gov. Plaintiff alleges that users of the computer program Adobe Illustrator can remove the redaction of the President's Social Security number in the document and display the number xxx-xx-4425; therefore, plaintiff argues, the President relinquished any privacy interest he held in his association to that number. Assuming *arguendo* that plaintiff is correct, the document is no grounds for reconsideration. Rule 59(e) does not permit reconsideration solely because a party wishes to submit previously available evidence. *Messina v. Krakower*, 439 F.3d 755, 759 (D.C. Cir. 2006). The President posted his tax return on April 15, 2010 – well before plaintiff filed her complaint on February 16, 2011. Accordingly, the document is not "new evidence" under Rule 59(e) and cannot serve as the basis for reconsideration.

Plaintiff also argues that the Court erred in declining to consider as evidence her allegation that she used the Selective Service System's online registration verification service to confirm the President's use of the Social Security number xxx-xx-4425. Even if true, this evidence would not undermine the President's privacy interest in the Form SS-5, and does nothing to "warrant a belief by a reasonable person that the alleged government impropriety," namely the President's purportedly fraudulent use of the number, "might have occurred." *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 174 (2004).[1] Similarly, plaintiff submits an affidavit that an individual used the U.S. Citizenship and Immigration Services' E-Verify Self Check system, which returned an error message showing an unexplained discrepancy between the President and the Social Security number at issue. Apparently, plaintiff is arguing that, if one online database confirms the President's use of the number, and another database shows some mismatch between the President and this number, the President must be engaging in fraud. This constitutes nothing more than an unsubstantiated "bare suspicion" of wrongdoing.[2] *Id.* Finally, plaintiff tries to submit as new evidence newspaper reports regarding the allegedly illegal use, by two relatives of the President, of other Social Security numbers. The Court will not give credence to plaintiff's attempt to impugn the President with the alleged misconduct of others.

Next, plaintiff argues four sources of clear error. First, plaintiff suggests that because FOIA Exception 6 only applies to living individuals, and because defendant did not explicitly state that the Social Security number at issue corresponds to a living individual, defendant has

---

[1] The Court is loath to dignify plaintiff's allegations of fraud with a response on the merits. However, suffice it to say that plaintiff's argument is premised on the incorrect assumption that Social Security numbers assigned prior to 1973 have any correlation to the recipient's residence, *see* Employer Filing Instructions and Information, http://www.socialsecurity.gov/employer/stateweb.htm ("Prior to 1973, social security numbers were assigned by our field offices. The [first three] number[s] merely established that his/her card was issued by one of our offices in that State."). Plaintiff's entire premise is totally defeated by a cursory examination of this site, which demonstrates that plaintiff's allegations lack any basis in fact.

[2] Furthermore, the Court notes that individuals may only use the E-Verify Self Check service to check their own employment eligibility, and that to do so an individual must answer a series of private questions before gaining access to the system. *See* Self Check : Terms of Use, https://selfcheck.uscis.gov/SelfCheckUI.

failed to meet his burden to show the applicability of the exemption. But defendant did in fact state that the individual associated with the Social Security number is living, *see* Def. Mem. in Supp. of Mot. for Summ. J. 1 [21-2]. Second, plaintiff argues that the amount of comments on an online version of a magazine article regarding this Court's August 30, 2011 Memorandum Opinion displays a public interest in the Form SS-5. But, as noted in that Opinion, there is no legitimate public interest where the plaintiff submits no evidence giving rise to a reasonable belief that impropriety has occurred, *Favish*, 541 U.S. at 174. Third, plaintiff alleges that this Court erred in failing to take into account various affidavits submitted by investigators. These affidavits only restate the assertions made elsewhere by plaintiff and add no credibility to her claims. Fourth, plaintiff submits purported evidence of forgery in the President's birth certificate wholly unrelated to the issue of whether a Form SS-5 is subject to FOIA disclosure.

Finally, plaintiff alleges manifest injustice by repeating her claims of fraud and misconduct, but against fails to substantiate them in any way whatsoever, much less to the degree required to overcome an individual's privacy interest in the information contained in a Form SS-5. None of plaintiff's arguments provides this Court any doubt that reconsideration would be inappropriate.

### III.     CONCLUSION AND ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED.**

Signed by Royce C. Lamberth, Chief Judge, on October 17, 2011.