APPEAL, CLOSED, PROSE−NP, TYPE I−FOIA

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:11−cv−00402−RCL

| | |
|---|---|
| TAITZ v. ASTRUE | Date Filed: 02/16/2011 |
| Assigned to: Chief Judge Royce C. Lamberth | Date Terminated: 08/30/2011 |
| Cases: 1:10−cv−00151−RCL | Jury Demand: None |
| 1:11−cv−01421−RCL | Nature of Suit: 895 Freedom of Information Act |
| Cause: 05:552 Freedom of Information Act | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**ORLY TAITZ**
*Dr.*

represented by **ORLY TAITZ**
29839 Santa Margarita Parkway
Suite 100
Rancho Santa Margarita, CA 92688
(949) 683 − 5411
Fax: (949) 766 − 7603
Email: orly.taitz@gmail.com
PRO SE

V.

**Defendant**

**MICHAEL ASTRUE**
*Commissioner of the Social Security Administration*

represented by **Patrick George Nemeroff**
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 5381
Washington, DC 20530
(202) 305−8727
Email: patrick.g.nemeroff@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DOES**
*1 − 100*
TERMINATED: 04/08/2011

V.

**Interested Party**

**SOCIAL SECURITY ADMINISTRATION**

**Movant**

**PAUL MAAS RISENHOOVER**　　　　　　　　represented by　**PAUL MAAS RISENHOOVER**
*Dr.*　　　　　　　　　　　　　　　　　　　　　　　　　　　　PRO SE

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/16/2011 | | | Summons (1) Issued as to MICHAEL ASTRUE. (jf, ) (Entered: 02/22/2011) |
| 02/16/2011 | 2 | | NOTICE OF RELATED CASE by ORLY TAITZ. Case related to Case No. 10−cv−151. (jf, ) (Entered: 02/22/2011) |
| 04/08/2011 | 4 | | AFFIDAVIT of Mailing by ORLY TAITZ. "Let this be filed, The Court notes mailing was sent to improper address for the U.S. Attorney, and time to respond doesn't run until U.S. Attorney is properly served." by Chief Judge Royce C. Lamberth.(rdj) (Entered: 04/11/2011) |
| 04/08/2011 | 5 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 3/30/2011. (rdj) (Entered: 04/13/2011) |
| 04/21/2011 | 6 | | AFFIDAVIT of Mailing to the U.S. Attorney for the District of Columbia with Summons and First Amended Complaint by ORLY TAITZ. (rdj) (Entered: 04/25/2011) |
| 05/17/2011 | 7 | | AFFIDAVIT FOR DEFAULT by ORLY TAITZ. "Let this be filed. Request DENIED. No proof of service has been filed ; only proof of mailing." by Chief Judge Royce C. Lamberth(rdj) (Entered: 05/19/2011) |
| 05/20/2011 | 8 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. MICHAEL ASTRUE served on 3/28/2011, RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 4/3/2011. ( Answer due for ALL FEDERAL DEFENDANTS by 5/3/2011.) (rdj) (Entered: 05/23/2011) |
| 05/23/2011 | 9 | | NOTICE of Appearance by Patrick George Nemeroff on behalf of MICHAEL ASTRUE (Nemeroff, Patrick) Modified on 5/24/2011 to correct filer(rdj). (Entered: 05/23/2011) |
| 05/23/2011 | 10 | | ANSWER to 3 Amended Complaint by MICHAEL ASTRUE. Related document: 3 Amended Complaint filed by ORLY TAITZ.(Nemeroff, Patrick) Modified on 5/24/2011 to correct filer (rdj). (Entered: 05/23/2011) |
| 05/23/2011 | 11 | | MOTION to Strike 1 Complaint, 3 Amended Complaint *and Attached Exhibits* by MICHAEL ASTRUE (Attachments: # 1 Text of Proposed Order)(Nemeroff, Patrick) Modified on 5/24/2011 to correct filer (rdj). (Entered: 05/23/2011) |
| 05/31/2011 | 12 | | MOTION to Compel Preparation of a Vaughn Index by ORLY TAITZ (Attachments: # 1 Text of Proposed Order)(rdj) (Entered: 06/02/2011) |
| 06/02/2011 | 13 | | ORDER granting in part and denying in part 11 Motion to Strike. Signed by Chief Judge Royce C. Lamberth on 6/2/11. (rje, ) (Entered: 06/03/2011) |
| 06/02/2011 | 14 | | SCHEDULING ORDER: Any Dispositive Motions by defendant shall be due within thirty (30) days. Signed by Chief Judge Royce C. Lamberth on 6/2/11. (rje, ) (Entered: 06/03/2011) |

| | | | |
|---|---|---|---|
| 06/08/2011 | 15 | | MOTION to Intervene, MOTION for Hearing on contempt of the Court's order of June 2 by PAUL MAAS RISENHOOVER "Let this be filed. Motion and all reliefs DENIED." Chief Judge Royce C. Lamberth(rdj) (Entered: 06/09/2011) |
| 06/14/2011 | 16 | | Redacted COMPLAINT against MICHAEL ASTRUE ( Filing fee $ 350, receipt number 4616036614) filed by ORLY TAITZ. (Per 06/02/2011 Order 13 )(rdj) Note: Portions of these exhibits are illegible in paper form and on ECF. (Entered: 06/15/2011) |
| 06/14/2011 | 17 | | Redacted AMENDED COMPLAINT against MICHAEL ASTRUE filed by ORLY TAITZ. (Per 06/02/2011 Order 13 )(rdj) Note: Portions of these exhibits are illegible in paper form and on ECF. (Entered: 06/15/2011) |
| 06/14/2011 | | | Leave to File Denied. Notice of Motion and Motion for Default Judgment, "Leave to file DENIED. No certificate of service on counsel for defendant." by Chief Judge Royce C. Lamberth (rdj) (Entered: 06/15/2011) |
| 06/20/2011 | 18 | | MOTION to Strike 10 Answer to Amended Complaint by ORLY TAITZ (rdj) Note: Portions of these exhibits are illegible in paper form and on ECF. (Entered: 06/21/2011) |
| 06/22/2011 | 19 | | MOTION for Clarification by ORLY TAITZ Note: Portions of these exhibits are illegible in paper form and on ECF.(rdj) (Entered: 06/23/2011) |
| 06/22/2011 | 20 | | MOTION for Default Judgment by ORLY TAITZ Note: Portions of these exhibits are illegible in paper form and on ECF.(rdj) (Entered: 06/23/2011) |
| 07/01/2011 | 21 | | MOTION for Summary Judgment by MICHAEL ASTRUE (Attachments: # 1 Statement of Facts, # 2 Memorandum in Support, # 3 Text of Proposed Order, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E)(Nemeroff, Patrick) (Entered: 07/01/2011) |
| 07/08/2011 | 22 | | MOTION to Compel by ORLY TAITZ Note: Portions of these exhibits are illegible in paper form and on ECF.(rdj) (Entered: 07/11/2011) |
| 07/20/2011 | 24 | | MOTION to Strike 23 Memorandum in Opposition by MICHAEL ASTRUE (Attachments: # 1 Text of Proposed Order)(Nemeroff, Patrick) (Entered: 07/20/2011) |
| 07/21/2011 | 25 | | ORDER granting 24 Motion to Strike 23 Memorandum in Opposition. Signed by Chief Judge Royce C. Lamberth on 7/20/11. (rje) (Entered: 07/21/2011) |
| 07/21/2011 | 26 | | ORDER that plaintiff shall file the redacted version of her Opposition to Defendant's Motion for Summary Judgment within fourteen days of this date. Signed by Chief Judge Royce C. Lamberth on July 21, 2011. (lcrcl2) (Entered: 07/21/2011) |
| 07/22/2011 | 27 | | MOTION for Reconsideration re 25 Order on Motion to Strike by ORLY TAITZ (rdj) (Entered: 07/25/2011) |
| 07/25/2011 | 29 | | ORDER to seal Opposition to Motion for Summary Judgment. Signed by Chief Judge Royce C. Lamberth on 7/25/11. (rje) (Entered: 07/25/2011) |
| 07/25/2011 | 30 | | MEMORANDUM AND ORDER denying 27 Motion for Reconsideration and Striking 28 Opposition to Motion for Summary Judgment. Signed by Chief Judge Royce C. Lamberth on 7/25/11. (rje) (Entered: 07/25/2011) |

| | | | |
|---|---|---|---|
| 07/27/2011 | 31 | | Memorandum in opposition to re 21 MOTION for Summary Judgment filed by ORLY TAITZ. "Let this be filed, except for Exhibit 9, which shall be filed under seal only since it still contains improper redactions." by Chief Judge Royce C. Lamberth (Attachments: # 1 Exhibit 9 *Sealed pursuant to Chief Judge Lamberth*)(various pages are illegible in paper form and on ECF)(zrdj) (Entered: 07/28/2011) |
| 08/03/2011 | 32 | | REPLY to opposition to motion re 21 MOTION for Summary Judgment filed by MICHAEL ASTRUE. (Nemeroff, Patrick) (Entered: 08/03/2011) |
| 08/30/2011 | 33 | 13 | MEMORANDUM OPINION. Signed by Chief Judge Royce C. Lamberth on August 30, 2011. (lcrcl2) (Entered: 08/30/2011) |
| 08/30/2011 | 34 | 12 | ORDER granting 21 defendant's Motion for Summary Judgment. Signed by Chief Judge Royce C. Lamberth on August 30, 2011. (lcrcl2) (Entered: 08/30/2011) |
| 08/30/2011 | 35 | | ORDER denying 12 Motion to Compel; denying 18 Motion to Strike; denying 19 Motion for Clarification; denying 20 Motion for Default Judgment; and denying 22 Motion to Compel. Signed by Chief Judge Royce C. Lamberth on August 30, 2011. (lcrcl2) (Entered: 08/30/2011) |
| 09/09/2011 | 36 | | MOTION for Reconsideration re 35 Order on Motion to Compel, Order on Motion to Strike, Order on Motion for Miscellaneous Relief, Order on Motion for Default Judgment, 34 Order on Motion for Summary Judgment by ORLY TAITZ (Attachments: # 1 Exhibit (Unredacted))(various pages are illegible in paper form and on ECF) (Entered: 09/13/2011) |
| 09/23/2011 | 37 | | Memorandum in opposition to re 36 MOTION for Reconsideration re 35 Order on Motion to Compel, Order on Motion to Strike, Order on Motion for Miscellaneous Relief, Order on Motion for Default Judgment,,,,,, 34 Order on Motion for Summary Judgment MOTION for Reconsideration re 35 Order on Motion to Compel, Order on Motion to Strike, Order on Motion for Miscellaneous Relief, Order on Motion for Default Judgment,,,,,, 34 Order on Motion for Summary Judgment filed by MICHAEL ASTRUE. (Attachments: # 1 Text of Proposed Order)(Nemeroff, Patrick) (Entered: 09/23/2011) |
| 09/30/2011 | 38 | | REPLY to opposition to motion re 36 MOTION for Reconsideration re 35 Order on Motion to Compel, Order on Motion to Strike, Order on Motion for Miscellaneous Relief, Order on Motion for Default Judgment, 34 Order on Motion for Summary Judgment MOTION for Reconsideration re 35 Order on Motion to Compel, Order on Motion to Strike, Order on Motion for Miscellaneous Relief, Order on Motion for Default Judgment, 34 Order on Motion for Summary Judgment filed by ORLY TAITZ. (rdj) (Entered: 10/03/2011) |
| 10/17/2011 | 39 | | MEMORANDUM AND ORDER denying 36 Motion for Reconsideration. Signed by Chief Judge Royce C. Lamberth on October 17, 2011. (lcrcl2) (Entered: 10/17/2011) |
| 10/25/2011 | 40 | 5 | NOTICE OF APPEAL as to 34 Order on Motion for Summary Judgment by ORLY TAITZ. Filing fee $ 0.00. Fee Status: No Fee Paid. Parties have been notified. (rdj) (Entered: 10/26/2011) |

Dr. Orly Taitz, ESQ pro se
29839 Santa Margarita Parkway, STE 100
Rancho Santa Margarita CA 92688
Tel: (949) 683-5411; Fax (949) 766-7603
E-Mail: dr_taitz@yahoo.com, orly.taitz@gmail.com

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Dr. Orly Taitz, in *pro se* ) | Hon. Royce C. Lamberth |
| Plaintiff, ) | |
| ) | Case No. 11-cv-00402 |
| v. ) | |
| ) | Notice of Appeal |
| Michael Astrue, Commissioner of the ) | |
| Social Security Administration, ) | Request to stay final order |
| ) | pending appeal |
| Respondent. ) | |

Dr. Orly Taitz, Esq. (Hereinafter "Taitz") is hereby notifying this court of an Appeal being filed challenging the following orders:

1. Order granting Motion for Summary Judgment by the defendant Michael Astrue, commissioner of the Social Security administration. Plaintiff files this appeal based on following:

Reply to Opposition to motion for reconsideration

RECEIVED Mail Room
OCT 25 2011
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

5

a. Court made an error of facts of the case and misrepresented the case and the argument by the Plaintiff in its' order, as well as error of law.

b. Court showed bias against the Plaintiff, political dissident civil rights leader attorney Dr. Orly Taitz and in favor of the defendant, Commissioner of the Social Security administration, aimed at shielding from criminal prosecution Mr. Barack Hussein Obama, II, currently occupying the position of the President of the United States and Commander in Chief, party of interest in the case, in spite of clear, undeniable, irrefutable evidence, presented by the Plaintiff, showing that Barack Obama is fraudulently using a Social Security number, issued in the state, where he never resided, which was never assigned to him according to the Social Security administration. Contrary to the court assertion, in and around March of 1977, when above Social Security number was issued in the state of Connecticut, according to the Social Security own guidelines, the application was supposed to be submitted from the state of Connecticut. At a time Barack Obama was 16 years old and resided in Hawaii and was nowhere near the state of Connecticut, which clearly shows him fraudulently using a Social Security number issued to another individual. The court erred in completely ignoring affidavits of Senior Deportation office of the Department of Homeland Security John Sampson, licensed investigators Susan Daniels and Neil Sankey, attesting to the fact, that the application for Connecticut Social Security number 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, had to be submitted and mailed from Connecticut, as well as information that in the national databases this Social Security number is connected to multiple dates of birth, including birth in 1890, which places the holder of the above number at an age of 121 years old, which is clearly not the age of Barack Obama.

2. Order, denying motion for reconsideration is appealed on the same grounds.

3. Order, denying preparation of Vaugn index is appealed on the same grounds

4. Plaintiff Moves this court to stay its' final order pending appeal, so the Plaintiff can proceed with the Motion to compel hearing currently scheduled for November 21, 2011 in USDC in HI to compel inspection of Barack Obama's original birth certificate, allegedly created in 1961 and kept in the Health Department in Hawaii since then. Plaintiff previously argued to the court, that Barack Obama's use of a fraudulently obtained Connecticut Social Security number is integrally connected to his fraudulent use of a computer generated birth certificate, which is a forgery based on statements of experts Chito Papa, Douglas Vogt and Paul Irey. When one does not have a valid birth certificate, one resorts to obtaining a forged, fraudulently obtained Social Security number. This is a matter of outmost urgency for the United States national security, as we currently have an individual, occupying the position of the U.S. President and Commander in Chief without a valid Social Security number, without a valid birth certificate and consequently without any other valid identification papers, as any secondary IDs are based on a valid BC and SSN ID. In light of the gravity of this situation and unprecedented danger to the U.S. interests, plaintiff moves this court to stay its' final order pending appeal.

Respectfully submitted

/s/ Dr. Orly Taitz, ESQ

## PROPOSED ORDER

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Dr. Orly Taitz, in *pro se* ) | Hon. Royce C. Lamberth |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 11-cv-00402 |
| v. ) | |
| ) | Notice of Appeal |
| Michael Astrue, Commissioner of the ) | |
| Social Security Administration, ) | Request to stay final order |
| ) | pending appeal |
| ) | |
| ) | |
| Respondent. ) | |
| ) | |

Motion to stay final order pending appeal is hereby granted

signed

Chief Judge Royce C. Lamberth

## CERTIFICATE OF SERVICE

I. Lila Dubert, certify, that I am over 18 years old, I am not a party to above action and I served the defendant in the above captioned action with attached pleadings by first class mail, postage prepaid through his attorney

Assistant U.S. attorney Patrick Nemeroff

555 4th str. NW

Washington DC, 20530

Signed

Dated 10.18..2011

cc Congressman Darrell Issa

Chairman

House Oversight Committee

2347 Rayburn House Building

Washington DC, 20515

cc Congressman Mike Rogers

Chairman

House Intelligence Committee

133 Cannon House Office building

Washington DC 20515

cc Congressman Sam Johnson

Chairman

House Subcommittee on Social Security

House Ways and Means Committee

2929 N Central Expy, 240

Richardson, TX 75080

cc Congressman Dana Rohrbacher

Chairman

House Subcommittee on Oversight and Investigations'

House Committee on Foreign Affairs

2300 Rayburn House Building

Washington DC 20515

US Commission

on Civil Rights
624 Ninth Street, NW
Washington, DC 20425 C

Public Integrity Section
Department of Justice
950 Pennsylvania Ave, NW
Washington DC 20530-0001

**Inter -American Commission** on **Human Rights**
1889 F Street, N.W.. Washington, D.C., 20006 U.S.A..
Tel.: 202-458-6002,   202-458-6002. Fax: 202-458-3992.

Office of the United Nations High Commissioner for Human Rights (OHCHR)
Special Rapporteur on the Situation of Human Rights Defenders
The Honorable Mrs. Margaret Sekaggya
Palais des Nations
CH-1211 Geneva 10, Switzerland
International Criminal bar Hague
BPI-ICB-CAPI
Head Office
Neuhuyskade 94
2596 XM The Hague
The Netherlands
Tel : 0031 (70) 3268070        0031 (70) 3268070
Fax : 0031 (70) 3353531
Email: info@bpi-icb.org
Website: www.bpi-icb.org
Regional Office - Americas / Bureau régional - Amériques / Oficina regional - Américas
137, rue St-Pierre
Montréal, Québec, Canada, H2Y 3T5
Tel : 001 (514) 289-8757        001 (514) 289-8757
Fax : 001 (514) 289-8590

Reply to Opposition to motion for reconsideration                                6

Email: admin@bpi-icb.org
Website: www.bpi-icb.org

Laura Vericat Figarola
BPI-ICB-CAPI
Secretaria Barcelona
laura_bpi@icab.es
Address: Avenida Diagonal 529 1°2ª
08029 Barcelona, España
tel/fax 0034 93 405 14 24


United Nations Commission for
Civil Rights Defenders
Orsolya Toth (Ms)
Human Rights Officer
Civil and Political Rights Section
Special Procedures Division
Office of the High Commissioner for Human Rights
tel: + 41 22 917 91 51
email: ototh@ohchr.org

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ORLY TAITZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL ASTRUE, )<br>COMMISSIONER OF THE SOCIAL )<br>SECURITY ADMINISTRATION, )<br>)<br>Defendant. )<br>) | Civil Action No. 11-402 (RCL) |

## ORDER

Upon consideration of defendant's Motion for Summary Judgment [21], plaintiff's opposition [31], the reply thereto [32], the entire record herein, and the applicable law, and for the reasons set forth in the Court's Memorandum Opinion issued this date, it is hereby

ORDERED that defendant's Motion for Summary Judgment [21] is GRANTED.

Final judgment is hereby entered for defendant, dismissing this case with prejudice.

**SO ORDERED.**

Signed by Royce C. Lamberth, Chief Judge, on August 30, 2011.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ORLY TAITZ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 11-402 (RCL) |
| MICHAEL ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Before the Court is defendant's Motion for Summary Judgment [21]. Upon consideration of defendant's motion, plaintiff's opposition [31], the reply thereto [32], the entire record herein, and the applicable law, the Court will grant summary judgment in defendant's favor for the reasons set forth below.

**I.   BACKGROUND**

Ever persistent, plaintiff has once again come before this Court in an effort to uncover "the biggest cover up in the history of this nation." Pl.'s Opp'n to Mot. for Summ. J. 20 [31]. She believes that the President is using a "fraudulently obtained" social security number and that the Social Security Administration—among other agencies—is involved in a scheme to "cover[] up social security fraud, IRS fraud, elections fraud and possibly treason" committed by the President. *Id.* at 5–6, 13. As her numerous filings with the Court demonstrate, plaintiff will stop at nothing to get to the bottom of this alleged conspiracy. Unfortunately for plaintiff, today is not her lucky day.

1

In her latest litigation before this Court, plaintiff has sued Michael Astrue, Commissioner of the Social Security Administration ("SSA"), under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for information relating to individuals' social security numbers. On October 4, 2010, plaintiff submitted a FOIA request to the SSA seeking various records and posing questions relating to the social security numbers of several individuals. Def.'s Mem. in Supp. of Mot. for Summ. J. 2 [21-2] ("Def.'s Mem. in Supp."). The SSA responded to her request on March 2, 2011. *See* Mot. for Summ. J. Ex. C [21-6] ("March Response"). The record demonstrates that the SSA conducted a thorough search in response to plaintiff's request, disclosing all responsive documents except for the "redacted Form SS-5 for the living individual who holds the social-security number xxx-xx-4425." Def.'s Mem. in Supp. 2 [21-2].

The SSA withheld the requested Form SS-5[1] under FOIA Exemption 6, which protects records from release where disclosure "would constitute a clearly unwarranted invasion of privacy." 5 U.S.C. § 552(b)(6). In its response to plaintiff's request, the SSA explained that the Privacy Act of 1974, 5 U.S.C. § 552a, protects the personal information of social security number holders. *See* March Response 2 [21-6]. The SSA releases such information to the public only with the holder's consent—which the SSA did not have here—or if FOIA requires disclosure. The SSA determined that Exemption 6 applied to the Form SS-5 because the information therein could be used to identify the social security number holder and because plaintiff had identified no public interest that would be served by disclosure. *See id.*

Having filed an administrative appeal, plaintiff filed a complaint and an amended complaint asking this Court to order defendant to release various documents. Defendant

---

[1] Form SS-5 is the form through which an individual applies for a social security card.

2

answered the amended complaint and subsequently moved for summary judgment. Defendant argues that the SSA conducted an adequate search for responsive documents and produced all such documents that are not exempt from release under FOIA. In her opposition to defendant's summary judgment motion, plaintiff does not dispute that the SSA conducted an adequate search for responsive documents and disclosed all such documents except for one—the requested Form SS-5. She challenges only the SSA's withholding of that form. *See* Pl.'s Opp'n to Mot. for Summ. J. 5 [31]. Thus, the only question before this Court in determining whether defendant is entitled to summary judgment is whether the SSA properly withheld the Form SS-5 under FOIA Exemption 6.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). FOIA actions are typically resolved on summary judgment. *See Reliant Energy Power Generation, Inc. v. FERC.*, 520 F. Supp. 2d 194, 200 (D.D.C. 2007). To establish that it is entitled to summary judgment in a FOIA case, an agency must demonstrate that it has conducted an adequate search for the requested documents and that any withheld documents fall into one of FOIA's statutory exemptions. *Id.* In determining whether the defendant agency has met its burden, "the underlying facts are viewed in the light most favorable to the [FOIA] requester." *Weisberg v. U.S. Dept. of Justice*, 705 F.2d 1344, 1350 (D.C. Cir. 1983).

A court reviews an agency's response to a FOIA request *de novo*. *See* 5 U.S.C. § 552(a)(4)(B). Affidavits that the agency submits to demonstrate the adequacy of its response are entitled to a presumption of good faith. *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771

(D.C. Cir. 1981). The reviewing court "is not obligated to conduct an *in camera* review of the documents withheld [under a FOIA exemption]; the decision to do so is discretionary." *Meeropol v. Meese*, 790 F.2d 942, 958 (D.C. Cir. 1985). The court may grant summary judgment in favor of the agency "simply on the basis of [its] affidavits, if they 'contain information of reasonable detail, sufficient to place the documents within the exemption category, and if the information is not challenged by contrary evidence in the record or evidence of agency bad faith.'" *Id.* (quoting *Lesar v. U.S. Dept. of Justice*, 636 F.2d 472, 481 (D.C. Cir. 1980)).

### III.   DISCUSSION

FOIA Exemption 6 exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). In determining whether an agency has properly withheld a record under Exemption 6, a court must first determine whether disclosure would compromise a substantial privacy interest. *Nat'l Ass'n of Retired Fed. Emps. v. Homer*, 879 F.2d 873, 874 (D.C. Cir. 1989). The court must then balance any such privacy interest in nondisclosure "against the public interest in the release of the records" to determine whether disclosure would constitute a clearly unwarranted invasion of personal privacy. *Id.*

In a previous case in which plaintiff requested the same Form SS-5 that she has requested here, this Court held that social security numbers are exempt from disclosure under FOIA Exemption 6. *See Taitz v. Obama*, 754 F. Supp. 2d 57, 60 (D.D.C. 2010). That holding was not surprising, as it is consistent with other courts' recognition that Exemption 6 protects social security numbers. *See, e.g.*, *Smith v. Dept. of Labor*, No. 10-1253, 2011 WL 3099703, at *6 (D.D.C. July 26, 2011); *Prison Legal News v. Lappin*, No. 05-1812, 2011 WL 766559, at *6 (D.D.C. Feb. 25, 2011); *Coleman v. Lappin*, 680 F. Supp. 2d 192, 197 (D.D.C. 2010). It is also

4

consistent with the SSA's regulations, which list social security numbers as "information that [the SSA] frequently withhold[s] under Exemption 6." 20 C.F.R. § 420.100(c).

Here, the SSA withheld from disclosure only one document requested by plaintiff—the redacted Form SS-5 of the living individual who holds social security number xxx-xx-4425.[2] In requesting that form, plaintiff asked for the date of the application as well as the zip code and gender of the applicant. *See* Mot. for Summ. J. Ex. A [21-4]. She did not seek the name of the applicant. *See id.* Because the redacted Form SS-5 contains identifying information associated with a living individual's social security number, its disclosure would compromise a substantial privacy interest. *See Sherman v. U.S. Dept. of Army*, 244 F.3d 357, 365 (5th Cir. 2001) ("[A]n individual's informational privacy interest in his or her [social security number] is substantial."). Redacting the individual's name from the Form SS-5—while still retaining the social security number, the date of the application, and the applicant's zip code and gender—does not diminish the privacy interest. Dawn Wiggins, Deputy Executive Director for the Office of Privacy and Disclosure in the SSA's Office of General Counsel, states in her affidavit on behalf of the SSA:

> The agency also considered whether we could release information associated with a [social security number] without releasing the number holder's name. However, *release of information based on a specific number holder's identified [social security number] could confirm the identity of the number holder and/or give the requestor information that could lead to the possible identification or confirmation of the true number holder.* Again, the agency concluded that this would constitute an unwarranted invasion of personal privacy.

Mot. for Summ. J. Ex. E [21-8] (emphasis added). Indeed, plaintiff makes no secret of her intention to use the redacted Form SS-5 to identify the holder of social security number xxx-xx-4425—or, as plaintiff puts it, to confirm her suspicion that the President is fraudulently using

---

[2] The SSA disclosed to plaintiff three Form SS-5's belonging to deceased individuals because it generally "does not consider the disclosure of information about a deceased person to be a clearly unwarranted invasion of that person's privacy." 20 C.F.R. § 401.190.

5

that number.[3]

Plaintiff's allegation that the requested Form SS-5 is associated with a public official does not diminish the privacy interest at stake here. Even if plaintiff's allegation were true, an individual's status as a public official does not, as plaintiff contends, "make exemption 6 irrelevant to him and his vital records." Pl.'s Opp'n to Mot. for Summ. J. 18 [31]. "Individuals do not waive all privacy interests . . . simply by taking an oath of public office." *Lissner v. U.S. Customs Serv.*, 241 F.3d 1220, 1223 (9th Cir. 2001); *see also Nix v. United States*, 572 F.2d 998, 1006 (4th Cir. 1978) (explaining that public servants are not "stripped of every vestige of personal privacy," particularly where the release of identifying information could "subject them to harassment and annoyance in the conduct of their official duties"); *Kidd v. Dept. of Justice*, 362 F. Supp. 2d 291, 297 (D.D.C. 2005) (upholding the redaction of a public official's personal information under FOIA Exemption 6 where such information had "little bearing on the public's understanding of the way in which the Department of Justice . . . conducts its affairs"). To be sure, a public official's "privacy interests may be diminished in cases where information sought under FOIA would likely disclose 'official misconduct.'" *Forest Serv. Emps. for Envtl. Ethics v. U.S. Forest Serv.*, 524 F.3d 1021, 1025 (9th Cir. 2008) (quoting *Lissner*, 241 F.3d at 1223–24). But plaintiff's unsubstantiated allegations, without more, do not persuade the Court that the requested information "would likely disclose" official misconduct, *id.*, and thus do not affect the calculus here.

On the other side of the ledger, plaintiff has identified no legitimate public interest that would be served by disclosure of the requested Form SS-5. In determining whether the

---

[3] Plaintiff's argument that redacted Form SS-5's are "routinely provided to law enforcement," Pl.'s Opp'n to Mot. for Summ. J. 15 [31], is irrelevant. Both the Privacy Act and SSA regulations permit the SSA to disclose records to law enforcement in specific circumstances. *See* 5 U.S.C. § 552a(b)(7); 20 C.F.R. § 401.155. Clearly, those provisions are inapplicable here.

disclosure of government records would result in a clearly unwarranted invasion of privacy, the relevant public interest to be weighed against the privacy interest is the extent to which disclosure would contribute to "public understanding of the operations or activities of the government." *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 33 (D.C. Cir. 2002) (quoting *U.S. Dep't of Def. v. FLRA*, 510 U.S. 487, 495 (1994)) (internal quotation marks omitted). "Thus, unless a FOIA request advances the citizens' right to be informed about what the government is up to, no relevant public interest is at issue." *Id.* at 34 (quoting *U.S. Dept. of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989)) (internal quotation marks omitted). The disclosure of an individual's Form SS-5 would provide absolutely no insight into the SSA's operations or activities. And plaintiff—for all her allegations—has produced no "evidence that would warrant a belief by a reasonable person that the alleged government impropriety might have occurred." *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 174 (2004). Her vehement allegations of fraud consist of mere "bare suspicion[s]" and thus fail to satisfy the public interest standard required under FOIA. *Id.*[4]

---

[4] Plaintiff submits the Selective Service registration acknowledgment form associated with security number xxx-xx-4425, Pl.'s Opp'n to Mot. for Summ. J. Ex. 1 [31], which apparently is "readily available on the world wide web." Pl.'s Am. Compl. 3 [3]. She argues that this form establishes that the President is fraudulently using social security number xxx-xx-4425, Pl.'s Opp'n to Mot. for Summ. J. 13 [31], and that the Selective Service and the SSA are "engaged in a cover up" of his fraud. Pl.'s Am. Compl. 3 [3]. The Selective Service does not release registration acknowledgment forms to the public; only a registrant himself can request proof of his registration. *See* Registration Information, http://www.sss.gov/ack.htm. The Court can only conclude that plaintiff has submitted a form that some individual obtained through a false request and subsequently posted online. Plaintiff also submits a "verification results" page from the Social Security Number Verification System ("SSNVS") indicating that social security number xxx-xx-4425 is "not in file (never issued)." Pl.'s Opp'n to Mot. for Summ. J. Ex. 2 [31]. She argues that this page is further evidence that the SSA is covering up the President's use of social security number xxx-xx-4425. The SSA uses the SSNVS to provide employers with a means of verifying the names and social security numbers of employees. *See* SSNVS Handbook, http://www.ssa.gov/employer/ssnvshandbk/ssnvsHandbook.pdf. "Anyone who knowingly and willfully uses SSNVS to request or obtain information from SSA under false pretenses violates

7

Disclosure of the requested Form SS-5 would implicate a substantial privacy interest while serving no public interest cognizable under FOIA. Because disclosure would "constitute a clearly unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(6), the SSA properly withheld the Form SS-5 under Exemption 6. Plaintiff challenges no other aspect of the SSA's response to her FOIA request. Accordingly, the Court finds that defendant is entitled to summary judgment in this case.

## IV. CONCLUSION

For the reasons discussed above, defendant's Motion for Summary Judgment [21] will be granted. A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on August 30, 2011.

---

Federal law and may be punished by a fine, imprisonment or both." *Id.* at 5. As with the registration acknowledgement form discussed above, the Court can only conclude that plaintiff has submitted a page that some individual obtained under false pretenses—that is, by representing himself as the President's employer. The Court notes that both documents submitted by plaintiff are incomplete; the address on the registration acknowledgment form and the employer identification number on the SSNVS page have been blacked out, further confirming the documents' fraudulent origins. For all of these reasons, the Court will disregard both documents as well as any arguments made in reliance on them.