UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ORLY TAITZ,                          ) <br>               Plaintiff, ) <br>        v.                             ) <br> CAROLYN W. COLVIN[1] ) <br> ACTING COMMISSIONER,        ) <br> SOCIAL SECURITY ADMINISTRATION ) <br>             Defendant.  ) | Civil No. 11-402 (RCL) |

## MEMORANDUM & ORDER

Plaintiff Orly Taitz, proceeding *pro se*, seeks to file a motion for reconsideration in this Freedom of Information Act case. Apparently, she moves for reconsideration of the Court's August 30, 2011 Memorandum Opinion and Order, which granted summary judgment to the defendant, Michael Astrue, and dismissed this case with prejudice. ECF Nos. 33, 34. As a preliminary matter, the Court notes that it has already once denied a motion for reconsideration of the August 2011 Opinion and Order. *See* Mem. & Order, Oct. 17, 2011, ECF No. 39. Additionally, a three-judge panel of the D. C. Circuit rejected Taitz's appeal of that Order, noting

> The merits of the parties' positions are so clear as to warrant summary action. The district court correctly concluded that disclosure of the requested information would 'constitute a clearly unwarranted invasion of personal privacy.' Appellant [Taitz] has not demonstrated any valid public interest in disclosure to balance against the privacy interest at stake.

Order, *Taitz v. Astrue*, No. 11-5304 (D.C. Cir. May 25, 2012).

---

[1] This case was filed against then-Commissioner of SSA Michael Astrue. Astrue has been succeeded by Acting Commissioner Carolyn Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Colvin has been substituted.

As Taitz is now well aware, the Federal Rules of Civil Procedure provide:

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer identification number, or birth date . . . the filing may include only . . . the last four digits of the social-security number and taxpayer identification number [and] the year of the individual's birth . . . .

Fed. R. Civ. P. 5.2(a). Although there are some exceptions to this rule under Rule 5.2(b), none apply to Taitz. This Court's Local Rules likewise require that, "[i]f an individual's Social Security number must be included in a pleading, only the last four digits of that number should be used." LCvR 5.4(f)(1).

This Court has informed Taitz on numerous occasions during the course of this litigation of her obligation to properly redact any social security number included in Court filings and attachments. *See* Order, June 2, 2011, ECF No. 13 (ordering that Taitz's Complaint, First Amended Complaint, and all attached exhibits be removed from the public record and refiled with properly redacted social security numbers); Order, July 21, 2011, ECF No. 25 (ordering that Taitz's Opposition to Defendant's Motion for Summary Judgment and attached exhibits be stricken from the record because of Taitz's failure to properly redact social security numbers); Mem. & Order, July 25, 2011, ECF No. 30 (providing a three-page explanation of Taitz's obligation to properly redact social security numbers and noting that she had, on three additional occasions failed to properly redact her filings).

Taitz has now, for at least the *sixth* time, failed to comply with her obligation in violation of Rule 5.2. Her most recent filing violates the Federal Rules and the Local Rules in at least two ways. First, although Taitz has scratched out the first five digits of social security numbers contained in her motion, she did so in pen and the "redacted" numbers are clearly visible through the markings. The same problem exists with respect to some of the redactions in her attachments. It goes without saying that this violates both the Federal and Local Rules. Second,

Taitz has either not redacted or improperly redacted many of the social security numbers contained in her exhibits. In one instance, an exhibit includes the first five numbers of the relevant social security number instead of the last four digits. *See* Mem. & Order, ECF No. 30 (admonishing Taitz that this is "the opposite of what the Rule requires" and noting that, on at least two different occasions, she deleted the last four digits of the social security numbers instead of using only the last four). In another instance, the exhibit does not redact the social security number at all.

The rules regarding redaction of social security numbers are simple. In any submission in which a social security number is included, only the last four digits of a social security number may be used and visible. This Court has reminded the plaintiff of this on multiple occasions.

As the Court pointed out in its July 2011 Memorandum and Order, "[t]he Court will not tolerate plaintiff's repeated violations of this Rule. . . . There is no logical explanation [plaintiff] can provide as to why she is now wasting the Court's time, as well as staff's time, with these improper redactions." Mem. & Order 1, 3, ECF No. 30. Moreover, as the Court has previously noted, "repeated violations of the Rules are in fact sanctionable, even *sua sponte*." *Id.* at 2. The Court has declined to previously impose sanctions because the defendant has not sought them. However, the Court has directed that prior improper submissions "be kept for consideration of possible sanctions against plaintiff." Order, July 25, 2011, ECF No. 29.

For the foregoing reasons, the Court will not grant plaintiff's request to file a motion for reconsideration.

It is hereby ORDERED that leave to file is denied.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on June 7, 2013.