**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

|  |  |
|---|---|
| DR. ORLY TAITZ, ESQ, PRO SE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 11-CV-00402-RCL |
| | )   The Honorable Royce C. Lamberth |
| MICHAEL ASTRUE, COMMISSIONER | ) |
| OF THE SOCIAL SECURITY | ) |
| ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

---

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff's motion for reconsideration is untimely.  This Court granted defendant's Motion for Summary Judgment and entered final judgment dismissing this case with prejudice on August 30, 2011.  *See* Docs. 33, 34.[1]  Nearly two years later, plaintiff now seeks reconsideration under Federal Rule of Civil Procedure 60(b)(2), on the basis of newly discovered evidence.  *See* Doc. 45.  But a motion for reconsideration on the basis of newly discovered evidence must be made "no more than a year after the entry of the judgment."  Fed. R. Civ. P. 60(c).  Plaintiff's motion therefore should be denied as untimely.  *See SEC v. Bilzerian*, 729 F. Supp. 2d 9, 18-19 (D.D.C. 2010).

In any event, plaintiff's motion for reconsideration is meritless.  In order to receive relief under Rule 60(b)(2), plaintiff must establish that she has identified "'newly discovered evidence'

---

[1] On October 17, 2011, this Court denied plaintiff's motion for reconsideration.  *See* Doc. 39. On May 25, 2012, the United States Court of Appeals for the District of Columbia granted defendant's motion for summary affirmance, and on August 29, 2012, the mandate issued in this case.  *See* Doc. 43.

1

that could not have discovered through 'reasonable diligence'" and that "must be admissible and of such importance that it probably would have changed the outcome." *Lightfoot v. District of Columbia*, 555 F. Supp. 2d 61, 68 (D.D.C. 2008). Plaintiff has not demonstrated that any of the evidence she now relies upon could not have been discovered through reasonable diligence prior to this Court's original order. She relies in her motion for reconsideration primarily upon a report she claims was released to the public on March 7, 2011, more than five months before this Court issued its final judgment. *See* Doc. 45 at 6. Plaintiff also has not shown how any of the evidence she relies upon, even if admissible, is "of such importance that it would probably have changed the outcome." *Lightfoot*, 555 F. Supp. 2d at 68. Rather, plaintiff's motion is premised on "nothing more than an unsubstantiated 'bare suspicion' of wrongdoing.'" Memorandum and Order Denying Plaintiff's Motion for Reconsideration, Doc. 39 at 3 (quoting *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 174 (2004)).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration should be denied.

Dated: July 2, 2013                Respectfully submitted,

STUART F. DELERY
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

 _/s/Patrick G. Nemeroff_
PATRICK G. NEMEROFF
CA Bar No. 268928
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530

2

Telephone: (202) 305-8727
Fax: (202) 305-8517
Email: patrick.g.nemeroff@usdoj.gov

Attorneys for Defendant