IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. ORLY TAITZ, ESQ, PRO SE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 11-CV-00402-RCL |
| | ) The Honorable Royce C. Lamberth |
| CAROLYN W. COLVIN, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR RECONSIDERATION[1]

On October 9, 2013, the Court denied Plaintiff's second motion for reconsideration in this matter, finding it to be untimely.[2]  *See* Order, dkt. no. 51 (Oct. 9, 2013).  Plaintiff now returns to the Court asserting that the Court erred by not considering her motion under Fed. R. Civ. P. 60(b)(6), for which there is no time limitation.  *See* Motion for Reconsideration of 10.09.2013 Order, dkt. no. 52 (Oct. 16, 2013).

As with her previous motion, Plaintiff's latest attempt to reopen this long-since dismissed Freedom of Information Act ("FOIA") case should be rejected.  This Court properly denied

---

[1] In a separate Motion to Strike filed contemporaneously, Defendant contends that Plaintiff's motion for reconsideration contains unredacted Social Security numbers in violation of Fed. R. Civ. P. 5.2(a)(1).  Although granting Defendant's Motion to Strike would also dispose of Plaintiff's motion, Defendant provides this Opposition in the interests of judicial economy.

[2] On October 17, 2011, this Court denied plaintiff's first motion for reconsideration, seeking to revisit the entry of summary judgment for Defendant.  *See* dkt. no. 39.  On May 25, 2012, the United States Court of Appeals for the District of Columbia granted defendant's motion for summary affirmance, and on August 29, 2012, the mandate issued in this case.  *See* dkt. no. 43.

Plaintiff's second motion for reconsideration because it plainly arose under Fed. R. Civ. P. 60(b)(2). As Plaintiff clearly stated in that motion, she sought reconsideration because she was presenting "records which were not available at the time of the final decision in the case." Dkt. no. 45 at 3. Elsewhere, the motion repeatedly refers to "new information" on the basis of which Plaintiff desired reconsideration be granted. *See, e.g.*, dkt. no. 45 at 6, 12.

Fed R. Civ. P. 60(b)(6) makes relief available from a "final judgment, order or proceeding" only for "any *other* reason that justifies relief." By its plain text, then, the Rule is a catch-all provision that excludes any of the reasons explicitly listed under Fed. R. Civ. P. 60(b). *See Salazar v. District of Columbia*, 633 F.3d 1110, 1116 (D.C. Cir. 2011) (Rule 60(b)'s "provisions are 'mutually exclusive' to the extent that subsection (6) cannot be used to avoid the one-year limitation in subsections (1)—(5)") (*quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993)). Thus, because Plaintiff's second motion for reconsideration was premised on "newly discovered evidence," the Court properly treated Plaintiff's motion solely under Fed. R. Civ. P. 60(b)(2) and applied the one-year limitation in that subsection. *See Salazar*, 633 F.3d at 1116; dkt. no. 51. For the same reason, Plaintiff's motion would be equally untimely if read generously to allege that reconsideration should be granted under Rule 60(b)(6) for "mistake," "excusable neglect," "fraud," or any of the other provisions listed in subsections (1) through (5). *See, e.g.*, Fed. R. Civ. P. 60(b)(1), (b)(3).

In any event, as Defendant previously explained, *see* dkt. no. 47, Plaintiff's second motion for reconsideration was meritless because she did not demonstrate that any of the purportedly new evidence could not have been discovered through reasonable diligence prior to this Court's original order. She relied in her second motion for reconsideration primarily upon a

report she claims was released to the public on March 7, 2011, more than five months before this Court issued its final judgment. *See* dkt. no. 45 at 6. Plaintiff also failed to show how any of that evidence, even if admissible, would be "of such importance that it would probably have changed the outcome." *Lightfoot v. District of Columbia*, 555 F. Supp. 2d 61, 68 (D.D.C. 2008).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration should be denied.

Dated: November 4, 2013

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

 /s/Eric J. Soskin
ERIC J. SOSKIN
PA Bar No. 200663
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 353-0533
Fax: (202) 616-8460
Email: eric.soskin@usdoj.gov

Attorneys for Defendant